Marie GALLAGHER, Plaintiff

v.

SUNRISE ASSISTED LIVING OF HAVERFORD, Defendant.

No. 02–554.

United States District Court, E.D. Pennsylvania.

Feb. 14, 2003.

Pierce E. Buller, Dilworth, Paxson, LLP, Howard K. Trubman, Martin J. Sobol, Sobol & Trubman, PC, Philadelphia, PA, for plaintiffs.

Sara A. Begley, Reed Smith Shaw & McClay, Philadelphia. PA, Thomas P. Murray, Blake, Guy, Hunton & Williams for McClain, Va, for defendants.

## *MEMORANDUM*

GREEN, Senior District Judge.

Presently before the Court is the Defendant's Motion for Summary Judgement, Plaintiff's Response and Defendant's Reply. On December 11, 2002, counsel appeared before this Court for argument on the motion. For the following reasons Defendant's motion will be granted.

The facts underlying the instant action are stated and viewed in the light most favorable to the non-moving party, Marie Gallagher ("Gallagher" or "Plaintiff"). *Davis v. Portline Transportes Maritime Internacional,* 16 F.3d 532, 536 (3rd Cir. 1994). Sunrise Assisted Living of Haverford ("Sunrise" or "Defendant") is an assisted living facility of approximately 70 adults. Gallagher was hired by Sunrise as a concierge in 1997. Gallagher's desk was located in the foyer on the first floor of a three story facility. Her primary responsibilities included manning the front desk, greeting visitors, answering the telephones, taking messages and monitoring the bistro area of the lobby, including keeping it clean and tidy.

As a service to its residents, Sunrise allows pets in its facilities, and requires at least one dog in each of its residences due to the alleged therapeutic value of animals to seniors. The Sunrise facility in question had two dogs and several cats during Gallagher's employment. One of the dogs had free rein of the facility. At some point during her tenure at Sunrise, Gallagher realized she was allergic to animals. Gallagher spoke with Sunrise's then Executive Director, Randy Hampton, and requested that the pets, to the extent possible, be kept away from her desk in order to minimize her allergies. Ms. Hampton requested Sunrise staff keep pets away from the immediate vicinity of Gallagher's work area and keep the area vacuumed and free of pet hair.

In April, 1999 Elizabeth Ghazanan replaced Randy Hampton as Executive Director at Sunrise. Employee cooperation in continuing the directives of Ms. Hampton in regard to Gallagher's allergies decreased. On several occasions the dog was allowed into the vicinity of Gallagher's work area. This increased exposure to the animals resulted in an exacerbation of Gallagher's allergies. Sunrise was unresponsive to Gallagher's complaints. In June of 1999, Gallagher resigned citing her allergies. In April 2000, Gallagher filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") alleging Sunrise failed to accommodate her allergies as a disability under the Americans with Disability Act ("ADA"). The EEOC issued a reasonable cause letter and Gallagher filed this action alleging Sunrise violated the ADA by denying her a reasonable accommodation for her allergies, thereby forcing her to resign her employment.

Sunrise filed the instant motion for summary judgement arguing that Gallagher is not disabled under the ADA and therefore Sunrise was not required to accommodate her allergies. Sunrise also argues that Gallagher's claim should be limited to the failure to accomodate claim included in her complaint and the EEOC charge and not expanded to include a retaliation claim not set forth as a cause of action in her complaint.

## II. Legal Standard

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the defendant, to be successful, must prove that, in considering the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, ... there is no genuine issue as to any material fact and that they are entitled to a judgment as a matter of law." *See* Fed.R.Civ.P. 56(c). An issue is "material" if the dispute may affect the outcome of the suit under the governing law and is "genuine" if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If, in response to a properly supported motion for summary judgment, an adverse party

merely rests upon the allegations or denials in her pleading, and fails to set forth specific, properly supported facts, summary judgment may be entered against her. *See* Fed.R.Civ.P. 56(e). Of course, a court must draw all reasonable inferences in favor of the party against whom judgment is sought. *See American Flint Glass Workers, AFL–CIO v. Beaumont Glass Company*, 62 F.3d 574, 578 (3d Cir. 1995).

## III. Discussion

### A. Gallagher's Disability Status

■ The ADA provides that no covered employer "shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, ... and other terms, conditions and privileges of employment." 42 U.S.C. § 12112(a).[1] A plaintiff establishes that she is a member of a protected class of disabled persons by showing that she has a disability. Under the ADA's definition of disability, a plaintiff must show that she has: (1) a physical or mental impairment that substantially limits one or more major life activities; (2) a record of such an impairment; or (3)[is] regarded as having such an impairment. *See* 42 U.S.C. § 12102(2).

■ Generally, when determining whether a plaintiff asserting claims under the ADA is affected by a disability that substantially limits a major life activity, a court should consider: "(i) [t]he nature and severity of the impairment; (ii)[t]he duration or expected duration of the impair-

ment; and (iii)[t]he permanent or long term impact resulting from the impairment." 29 C.F.R. § 1630.2(j)(2). For an impairment to qualify as substantially limiting it should prevent or severely restrict an individual in major life activities. *Toyota v. Williams*, 534 U.S. 184, 122 S.Ct. 681, 691, 151 L.Ed.2d 615 (2002). Although the ADA does not define "major life activities," the Supreme Court notes they are activities of central importance to daily life. *Id.* Any determination as to whether an individual is disabled should be made in reference to any measures that mitigate the individual's impairment. *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 482–83, 119 S.Ct. 2139, 2146, 144 L.Ed.2d 450 (1999). As such, a person whose physical or mental impairment is corrected by medication or other mitigating measures cannot be considered to have an impairment that substantially limits a major life activity. *Id.*

■ It is undisputed that Gallagher has a physical impairment, an allergy to cats and dogs. This alone however does not qualify the Plaintiff for disability status under the ADA. *Toyota*, 122 S.Ct. at 691, 122 S.Ct. 681. In order to prevail on her ADA claim Gallagher must demonstrate that her impairment substantially limits a major life activity. *Id.* In evaluating the impact of Gallagher's impairment, medications or inhalers used by Gallagher to treat her allergies must be considered. *Sutton*, 527 U.S. at 482, 119 S.Ct. 2139.

■ Plaintiff argues her allergies substantially limits her ability to breathe, a major life activity under EEOC regulations. *See* 29 C.F.R. § 1630.2(i).[2] Plaintiff

---

1. A "qualified individual with a disability" is an "individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employ-

ment position that such individual holds or desires." 42 U.S.C. § 12111(8).

2. Plaintiff's complaint alleges she is also limited in her ability to work. Plaintiff, however,

describes her limitations as coughing, watering of the eyes and unspecified breathing difficulties. The Defendant argues these facts are insufficient to establish Plaintiff was substantially limited in her ability to breath. Defendant contends this conclusion is further strengthened by Plaintiff's acknowledged use of an inhaler to control her allergic reactions.[3]

There is no evidence that Plaintiff's physical reactions to the animals was so debilitating it limited Plaintiff's ability to hold a conversation or move about freely. Plaintiff has failed to identify any limitations on her activities, let alone those central to daily life. Plaintiff has offered no evidence of the permanent or long term impact of the allergies. The evidence on record does not demonstrate an individual unable to breathe or significantly restricted in her ability to breathe. There is no evidence that Plaintiff's allergies substantially restricts her in any major life activity. By Plaintiff's own admission, the use of an inhaler and injections decreased any limitation Plaintiff's allergies place on her breathing.[4] This corrective measure must be taken into consideration when evaluating Plaintiff's disability status. *Sutton,* 527 U.S. at 482–483, 119 S.Ct. 2139. The evidence put forth by Gallagher is insufficient to allow a reasonable jury to conclude that Gallagher's allergies substantially restrict her in any major life activity. Therefore, Plaintiff is not disabled under the first prong of the ADA's definition of disability.

■■■■■ In the alternative, Plaintiff argues she qualifies as disabled under the third prong, the "regarded as" prong. In order to determine whether a defendant regarded a plaintiff as being disabled, the Supreme Court has held that § 12102(2)(A) must be read in conjunction with § 12102(2)(C). *See id.* at 489, 119 S.Ct. 2139. Read together, having a disability "includes being regarded as having a physical or mental impairment that substantially limits one or more of the major life activities of such individual." *See id.* A plaintiff may satisfy this definition in two apparent ways: "(1) a covered entity mistakenly believes that a person has a physical impairment that substantially limits one or more major life activities, or (2) a covered entity mistakenly believes that an actual, nonlimiting impairment substantially limits one or more major life activities." *Id.* To prevail a plaintiff must demonstrate the defendant entertained misrepresentations about the [plaintiff]— it must believe either the plaintiff has a substantially limiting impairment that one does not have or that one has a substantially limiting impairment when, in fact, the impairment is not so limiting. *Id.*

■■■■■ Gallagher has produced no evidence to substantiate a claim that Sunrise regarded her as substantially limited in any major life activity including breathing. Sunrise's awareness of Gallagher's allergies alone is insufficient evidence to sustain a claim of disability under the "regarded as" prong. Likewise, Gallagher's argument that the granting of extra consideration to her by Sunrise demonstrates that the Defendant "regarded" her as disabled is also insufficient. An employer's decision to cooperate with an employee who is not "disabled" under the ADA is not evidence of a perception of disability. *Taylor v. Pathmark Stores, Inc.,* 177 F.3d

---

appears to concede that she is not impaired in her ability to work as she does not address the Defendant's arguments disputing a work limitation.

**3.** *See* Gallagher's Deposition at pp. 145—46 and 163.

**4.** *Id.*

180, 190 (3rd Cir.1999). There is no evidence to support a finding that Gallagher qualifies as disabled under the third prong of the ADA disability definition. As there is no evidence that Gallagher qualifies as disabled, Sunrise was not required to accommodate her allergies and Defendant's motion for summary judgement as to Plaintiff's failure to accommodate claim will be granted.

### B. The Retaliation Claim

The Defendant argues Plaintiff's retaliation claim should be denied as Plaintiff did not include a claim for retaliation in her complaint or allegations of retaliation in the EEOC charge and has offered no evidence that the EEOC investigated retaliation.[5] Defendant also contends that even if the retaliation claim is properly before the Court, Plaintiff has no proof sufficient to support such a claim.

Plaintiff's complaint did not contain an express claim for retaliation. Rule 8 requires a complaint provide defendant with fair notice of the plaintiff's claim and the grounds upon which it rest. *See* Fed. R.Civ.P. 8. Plaintiff's complaint did make reference to retaliation in the factual background section, but did not expressly set forth retaliation as a cause of action in her complaint. Nevertheless, I will consider the complaint as sufficient to state a claim of retaliation.

■■■■ Having decided that Plaintiff's retaliation claim is sufficiently pled, I conclude there is no evidence to support such a claim. The ADA provides no person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge ... under [the ADA]. 42 U.S.C. § 12203(a). To prevail on a retaliation claim the plaintiff must establish her prima facie case by establishing (1) a protected employee activity, (2) adverse action by the employer after or contemporaneous with employee's protected activity, and (3) a casual connection between the employee's protected activity and the employer's adverse action. *Shellenberger v. Summit Bancorp, Inc.*, No. 01–1215, 2003 WL 187197 (3rd Cir.2003).

The gravamen of Plaintiff's retaliation claim is that Sunrise made the Plaintiff clean and scrub the Sunrise bistro more thoroughly in retaliation for her complaints about the dog. This evidence alone is insufficient to establish the prima facie case. Plaintiff fails to offer evidence that she engaged in a protected activity such as the filing of an EEOC charge. Plaintiff also fails to offer evidence of an adverse employer action. Plaintiff resigned and was not terminated. The evidence presented on summary judgement is insufficient to support Plaintiff's theory of adverse action that is her treatment by the employer justified her resignation and constituted a constructive discharge. Moreover, it is not disputed that Plaintiff did not pursue any protected activity during her term of employment.

■■■■ It is undisputed that the cleaning of the bistro was within the scope of Plaintiff's job responsibilities. The Court is unaware and Plaintiff has failed to identify any case that holds requiring an employee to perform admitted job duties constitutes an adverse employment action. There is no evidence in the record that Sunrise's adoption of a more thorough cleaning requirement was anything other than the result of a change in supervision. More-

---

**5.** The record however demonstrates that Plaintiff included allegations of retaliation in her charge and the EEOC did investigate the retaliation claim to some extent. *See* Page 2, Defendant's Exhibit 15 and Page 4, Plaintiff's Exhibit J.

over, it was not after or contemporaneous with any protected activity by the Plaintiff. Minor or trivial actions that merely make an employee "unhappy" are not sufficient to qualify as retaliation under the ADA. *Shaner v. Synthes*, 204 F.3d 494, 506 (3rd Cir.2000) (*citing Mondzelewski v. Pathmark Stores, Inc.*, 162 F.3d 778 (3rd Cir. 1998)). Accordingly, Sunrise's instruction to the Plaintiff to more thoroughly clean the Bistro does not support an actionable claim of retaliation.

As Plaintiff has not established that she was engaged in a protected activity or suffered an adverse employment action, the third prong of the prima facie case, a casual connection, cannot be established. Defendant's motion for summary judgement as to Plaintiff's retaliation claim will be granted. An appropriate order follows.

### ORDER

**AND NOW**, this 13th day of February, 2003, upon consideration of Defendant's Motion for Summary Judgement, Plaintiff's Opposition and Defendant's Reply, **IT IS HEREBY ORDERED** that Defendant's motion is **GRANTED**.